IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40758
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE MARTIN HERNANDEZ-RICO,
also known as Jose Cruz Rivera-Guerra,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-111-1
--------------------
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        In this appeal following his guilty-plea conviction for

illegally reentering the United States after having been

deported, in violation of 8 U.S.C. § 1326(a) and (b)(2), Jose

Martin Hernandez-Rico argues that a prior felony conviction is an

element of the offense of illegal reentry and not merely a

sentencing factor.  He also asserts that the indictment is

insufficient because it does not allege any general intent.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hernandez acknowledges that in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27 (1998), the Supreme Court held that a prior felony conviction under 8 U.S.C. § 1326(b)(2) was merely a sentencing factor and thus need not be included in the indictment.  He notes that in its subsequent decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, ___, 120 S. Ct. 2348, 2362 (2000), however, the Supreme Court stated that it was arguable that <u>Almendarez-Torres</u> was decided incorrectly.  In light of the clear precedent of <u>Almendarez-Torres</u>, Hernandez has failed to show error, plain or otherwise, in his indictment or sentence on this basis.  <u>See United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>petition for cert. filed</u>, (U.S. Jan. 26, 2001) (No. 00-8299).

Hernandez's argument that the indictment is deficient because it fails to allege any general intent similarly is without merit.  Although 8 U.S.C. § 1326 is a general intent offense, we rejected such an argument in a case involving a nearly identical indictment.  <u>See United States v. Guzman-Ocampo</u>, 236 F.3d 233, 238-39 (5th Cir. 2000).  For the reasons set forth in that case, we conclude that the indictment sufficiently apprised Hernandez of the nature of the charges against him.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.